## Thompson *et al. versus* Burgey *et al.*

In an action upon the case for deceit in the sale of a horse, the lowest measure of damages is the difference between the actual value of the horse, and what its value would be, if sound; for where the wrong complained of is characterized by fraud, malice, or gross carelessness, the measure of damages should be extended so as to embrace all such as naturally flow therefrom.

ERROR to the Common Pleas of *Juniata county*.

This was an action on the case by Jacob Burgey and Samuel Burgey against Samuel Thompson and Cochran Thompson for deceit in the sale of a horse. The declaration was in *assumpsit;* the defendants pleaded not guilty; and the cause was tried as an action on the case for deceit. The facts are stated in the charge of the court below.

The defendants' counsel requested the court to charge the jury that the measure of damages was the actual loss or real damage sustained by the plaintiffs; and that the plaintiffs, having shown no damages, were not entitled to recover.

The court below (GRAHAM, P. J.) charged the jury as follows:—

"This is an action to recover damages for an alleged deceit practised upon the plaintiffs by the defendants, in the purchase and sale of a horse. The plaintiffs purchased a horse from the defendants for $132.50, and in the course of the negotiation, the evidence shows that Burgey remarked to Cochran Thompson, from whom the horse was purchased, 'I suppose the horse is all right;' to which Thompson replied, 'So far as I know; here is a buggy, hitch him up and try him.' The evidence further shows, that the horse was a wind-sucker or crib-biter, and the defendants knew that fact. The plaintiffs contend, that this vice or practice rendered the horse less valuable than if he had been all right, and claim to recover the difference between the value of this horse as he was, and what would have been his value if he had not been addicted to this habit, but in the language of the witness 'all right.' If the defendant concealed from the plaintiff a known and latent vice or habit, which the plaintiff had not the opportunity of discovering before he made the purchase, and which detracted from the value of the horse, then the plaintiff would be entitled to recover damages; and the proper measure of damages would be the difference between the value of this horse addicted to the habit of wind-sucking, and his value if he had been free from such habit. When a deceit has

been practised, the person injured may proceed in two modes. He may offer to return the property and rescind the contract, and if the offer is accepted, it terminates the transaction. If not accepted, the injured party may bring his action, and recover in damages for the injury sustained."

To this charge the defendants excepted; and a verdict and judgment having been rendered for the plaintiffs for $44.17, the defendants removed the cause to this court, and here assigned the same (*inter alia*) for error.

*Parker & McIntire*, for the plaintiffs in error.—It appears to us, on an examination of this whole record, that the great difficulty with the court below arose from their confounding the action of *assumpsit* on a warranty in the sale of a horse, and the action of deceit for a false representation, accompanied with a fraudulent intent to deceive; confounding the actions, at least so far as the measure or rule of damages is concerned. We are fully aware, that it is well settled, that the difference of value between the article in a sound or unsound state is the measure of damages for a *breach of a warranty*, without regard to the price given; it is so ruled in Cothers *v.* Keever, 4 *Barr* 168, but this ruling applies solely to the form of action *ex contractu*, and has never been carried to actions of the contrary character. There is no decision to that effect in Pennsylvania, and for a very substantial reason, as we can readily conceive; when A. warrants an article to B., the latter may justly claim, if damages are sustained, and allege that he relied upon his warranty; and that having purchased on the faith of the warranty, and being entitled to all the profit he reasonably could have made, and the warranty having failed, it matters not what price he paid; he bought the article as a sound one. But where there is no warranty, and the party purchases on the naked declarations of the vendor accompanied with his own examination, and finds himself deceived, should he recover more than his actual loss, and ought the court to reject evidence which would show that the plaintiff absolutely sustained no loss—that the article was really and substantially worth more than he paid for it? In all cases where a party sets up a claim for damages, he ought to show and prove a loss; and to deny to the other party an opportunity of rebutting such evidence, if offered, is simply to afford a premium for this form of litigation. Take the case now before us. The plaintiffs below buy from the defendants below a horse for the sum of $132.50; there is no warranty, no agreement or promise of warranty, but the plaintiffs take him away and afterwards bring suit for a deceit practised on them. In the court below, the defendants offer to show by respectable witnesses,

[Thompson *et al. v.* Burgey *et al.*]

who had known the horse from the time he was colted, that on the very day he was sold he was in fact worth more than $132.50, the price paid for him, they knowing him to have been a cribber. This offer the court reject. The plaintiffs below, however, have sold the horse in one of the Eastern markets, and beyond all doubt made money out of him; for the evidence is, they have never yet divulged to any mortal the price they received on his resale.

What did Cochran Thompson mean when he said "the horse is all right," the words in which the alleged deceit is predicated? Why simply, right for all purposes of use, free from malady or disease; and so the horse was, for *crib-biting* is not a malady or disease in law: *Chitty on Contracts* 464.

Deceit is a fraudulent misrepresentation or contrivance by which one man deceives another, who has no means of detecting the fraud, to the injury and damage of the latter: 2 *Bouvier's Inst.* 546. A damage, therefore, must have ensued in order to enable a party to maintain an action for practising it; not a mere imaginary injury, but an actual loss. But certainly, if no loss has been sustained, an action cannot lie.

The rule seems to be settled in the following cases, from which the principle is clearly deducible, that although there may have been a deceit, if no damage has been sustained by the plaintiff, he cannot recover: 2 *Bouvier's Inst.* 549; Ide *v.* Gray, 11 *Verm.* 615; Munroe *v.* Gairdner, 3 *Brev.* 32; 1 *Dev.* 69; Tryon *v.* Whitemarsh, 1 *Met.* 1; Fisher *v.* Brown, 1 *Tyler* 405; Fuller *v.* Hodgdon, 25 *Maine* 243.

*Alexander & Doty*, for the defendants in error.—The measure of damages in an action on the case for deceit, is the same as in an action upon a warranty; namely, the difference between the real value of the horse, and what would have been his value if he had been sound, as represented: Stiles *v.* White, 11 *Met.* 356; Cornelius *v.* Molloy, 7 *Barr* 293; 2 *Greenl. Ev.* § 262; Cothers *v.* Keever, 4 *Barr* 168; Struthers *v.* Clark, 6 *Casey* 210; Woodward *v.* Thacher, 21 *Verm.* 580; Thornton *v.* Thompson, 4 *Grat.* 121.

The opinion of the court was delivered by

READ, J.—In an action upon a warranty, the measure of damages is the difference between the actual value and the value of the thing when sound, and that without regard to the price given originally or obtained upon resale. Such price may be used as evidence, whether paid in money or by exchange of other property. In an action on the case for deceit, this perhaps would be the lowest measure of damages; "for where the wrong com-

[Thompson *et al. v.* Burgey *et al.*]

plained of is characterized by *fraud, malice,* or *gross* carelessness, I think the rule of damages should be extended, so as to embrace all damages which *naturally flow* therefrom:" per HUBBARD, J., Sharon *v.* Masher, 17 *Barb.* 520.

In the present case, the declaration was in *assumpsit,* the plea not guilty, and it was tried as an action on the case for deceit. The charge, therefore, of the judge, as to the measure of damages, was as favourable to the defendants as they had any right to ask. This disposes of all the errors assigned; there being none assigned as to the rejection of the evidence contained in the last bill of exceptions.

Judgment affirmed.